```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| SANDRA RENA SULLIVAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 13-2502-SHM-dkv |
| | ) |
| MATA; THE CITY OF MEMPHIS; MATA | ) |
| EMPLOYEES; SEAN JAY-Z CARTER; | ) |
| BEYONCE GISELL CARTER KNOWLES; | ) |
| and ILLUMINATI, | ) |
| | ) |
|     Defendants. | ) |

REPORT AND RECOMMENDATION OF *SUA SPONTE* DISMISSAL

On July 5, 2013, the plaintiff, Sandra Rena Sullivan ("Sullivan"), a resident of Shelby County, Tennessee, filed a *pro se* complaint under Title VII of the Civil Rights Act of 1964, (Compl., Docket Entry ("D.E.") 1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (D.E. 2). On July 10, 2013, the court issued an order granting Sullivan leave to proceed *in forma pauperis*. (D.E. 3.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

I. PROPOSED FINDINGS OF FACT

On July 5, 2013, Sullivan filed a complaint in which she alleges a violation of Title VII of the Civil Rights Act of 1964

and names the following defendants: (1) Memphis Area Transit Authority ("MATA"), (2) the City of Memphis, (3) "MATA employees," (4) "MATA Union," (5) Sean Jay-Z Carter ("Jay-Z"), (5) Beyonce Gisell Carter Knowles ("Beyonce"), and (6) "Illuminati." (Compl., D.E. 1.) The complaint alleges that the defendants "failed to employ" Sullivan because of her sex. (*Id.* ¶ 9.) The complaint alleges the following circumstances under which the defendants discriminated against Sullivan:

> I applied for position of Small Bus MATA Plus Operator [on the] 11th day of October 2012, and I have not been contacted for interview or hire [sic] on the position for which it appears that I qualified for. I feel that I have been discriminated against because of my sex and MATA and its employees have made a slave of me working against my will in order for them to keep their jobs and deny me the opportunity for employment. They have used physical, emotional, mental and psychological abuse to ruin my reputation. I feel MATA has waged an effort to keep me from employment while I made complaints that are never really resolved while their employments [sic] subltely [sic] intimidate me with slavery and sex and sexual intimidation because I am female. Violation of Title VII Civil Rights Act 1964 as amended.

(*Id.* ¶ 10.) The complaint alleges that Sullivan filed charges against the defendant with the Tennessee Fair Employment Commission on April 2, 2013. (*Id.* ¶ 6.) The complaint also alleges that on April 2, 2013, Sullivan filed a charge with the Equal Employment Opportunity Commission ("EEOC"), (D.E. 1-1 at 1), and that on April 5, 2013, the EEOC issued a notice of right to sue, (Compl., D.E. 1 ¶¶ 7-8; *see* D.E. 1-1 at 1-2.). Sullivan's EEOC charge, attached to the complaint, alleges

2

discrimination based on sex and retaliation, and contains the following allegations:

> On or about October 11, 2012, I applied for and was denied hire with the company as a Mata Plus Operator. I was qualified for the position and do not know why I was not hired. After I applied for hire, I was harassed by several different bus drivers. I called the company's hotline and complained about the harassment.
>
> I believe I was denied hire in retaliation for complaining and because of my sex, (female), in violation of Title VII of the Civil Rights Act of 1964, as amended.

(D.E. 1-1 at 1.)

## II.  PROPOSED CONCLUSIONS OF LAW

A.  <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2).  The clerk is authorized to issue summons to *pro se* litigants only after that review is complete and an order of the court issues.  This report and recommendation will constitute the court's screening.  The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

   (i)     is frivolous or malicious;
   (ii)    fails to state a claim on which relief may be granted; or
   (iii)   seeks monetary relief against a defendant who is immune from such relief.

3

28 U.S.C. § 1915(e)(2).

B.  Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.   Subject-Matter Jurisdiction

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises.

6

*See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 ("A court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." The complaint filed by Sullivan is brought under Title VII of the Civil Rights Act of 1964 and states that "jurisdiction is specifically conferred on the Court by 42 U.S.C. § 2000e-5." This is sufficient to confer federal-question jurisdiction on the court.

D.  Exhaustion of Administrative Remedies

Sullivan has timely exhausted her administrative remedies prior to instituting a lawsuit in this court. Title VII requires that a plaintiff exhaust her administrative remedies prior to bringing suit in federal court by filing a charge of

7

discrimination with the EEOC within three hundred days of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1); *see also Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006).[1]  The charge of discrimination must be liberally construed, and it need not "conform to legal technicalities" or "use the exact wording which might be required in a judicial pleading." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)(internal quotation marks omitted).  Nonetheless, for a discrimination claim to be amenable to suit in federal court, "[t]he claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Id.* (citing *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998); *see also Hathcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)(stating that the claim must be one "reasonably expected to grow out of the charge of discrimination").  Accordingly, "[i]f a charge of discrimination contains no facts that would put a defendant on notice of a particular type of discrimination, a plaintiff may not file suit

---

[1]   The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731-32 (6th Cir. 2006)(citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)).

to remedy it under Title VII." *Powers v. Sonoco Prods, Co.*, No. 11-02061, 2011 WL 6012603, at *3 (W.D. Tenn. Dec. 1, 2011).

Title VII provides that a civil action must be brought within ninety days after the EEOC issues a notice of right to sue. 42 U.S.C. 2000e-5(f)(1). The Sixth Circuit has held that the ninety-day period begins to run five days after the date on which the EEOC mails the notice of right to sue to the claimant. *Hunter v. Stephenson Roofing Co.*, 790 F.2d 472, 475 (6th Cir. 1986); *see also Cook v. Providence Hosp.*, 820 F.2d 176, 179 n.3 (6th Cir. 1987)(stating that there is a presumption that mail is received by the addressee and that the ninety-day time limit begins to run five days after the EEOC mails the notice of right to sue).

Sullivan filed an EEOC charge on April 2, 2013, within three hundred days of the alleged discriminatory incident. Her discrimination claim is amenable to suit in federal district court because it grows out of the same facts alleged in that EEOC charge. The EEOC issued the notice of right to sue on April 5, 2013, and, therefore the ninety-day time limit began to run on April 10, 2013, five days after the EEOC mailed the notice. Sullivan filed suit in this court on July 5, 2013, which was within the ninety-day time limit. For these reasons, Sullivan has exhausted her administrative remedies, and her discrimination claim is amenable to suit in this court.

E.  Claims against the City of Memphis, MATA Union, Jay-Z, Beyonce, and Illuminati

Apart from listing the City of Memphis, the MATA Union, Jay-Z, Beyonce, and Illuminati as defendants, the complaint makes no claims or factual allegations against these parties. There are no facts from which to infer the involvement of these parties in Sullivan's alleged gender-discrimination claim. Therefore, the court recommends that Sullivan's claims be dismissed as against these defendants.

F.  Claims against MATA Employees

The complaint alleges that MATA employees engaged in discrimination against Sullivan based on her sex and that they denied her the opportunity for employment. (Compl., D.E. ¶ 10.) The complaint further alleges that MATA employees "have used physical, emotional, mental and psychological abuse to ruin [Sullivan's] reputation," and have intimidated Sullivan "with slavery and sex." (*Id.*) Sullivan's attached EEOC charge further alleges that Mata employees harassed her. (D.E. 1-1 at 1.)

Sullivan does not identify any of the employees who allegedly committed the acts of discrimination that Sullivan lists. In the absence of this essential information, the court recommends that the claims against these unnamed employees be dismissed.

10

G.  Title VII Gender-Discrimination Claim against MATA

The EEOC charge alleges that Sullivan, a female, was subjected to an adverse employment action when MATA "denied hire." (D.E. 1-1 at 1.) Sullivan's complaint, however, states that she "has not been contacted for interview or hire [sic] on the position." (Compl., D.E. 1 ¶ 10.) The complaint further alleges that Sullivan applied for a position that she was qualified for, and MATA has "made a slave of [her] working against [her] will . . . and den[ied her] the opportunity for employment." (*Id.*)

The essential elements of a Title VII gender-discrimination claim, in the case of a person's nonselection for a job, are: 1) that the plaintiff is a member of a protected class; (2) that she applied for, and did not receive, a job; (3) that she was qualified for the job; and (4) that a similarly situated individuals of opposite gender received the job. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 463 (6th Cir. 2003)(citations omitted).

Given the discrepancy in the alleged facts, it is unclear whether Sullivan has suffered any adverse employment decision at all. It appears that Sullivan applied for a job with MATA, but it is unclear whether they have officially denied employment to her. Even assuming that Sullivan has in fact been denied employment, her complaint nonetheless fails under the third and

11

fourth prong of the prima facia case. Pertaining to the third prong, Sullivan does not allege any facts to show that she was qualified for the job to which she applied. The complaint does not provide any information on MATA's job posting for that particular job, nor does it provide Sullivan's job experience or allege any other basis upon which to assume she was qualified for the position. As to the fourth prong, the complaint does not allege that a similarly situated male received the job.

Because Sullivan has failed to plead facts sufficient for the court to infer the essential elements of a gender-discrimination claim, this court recommends that such claim against MATA be dismissed for failure to state a claim upon which relief can be granted.

G.  Title VII Retaliation Claim against MATA

Sullivan's EEOC charge against MATA alleges that Sullivan "was denied hire in retaliation for complaining" about the harassment she received from "several [MATA] bus drivers" after she "applied for hire." (D.E. 1-1 at 1.) Although the complaint itself does not allege any retaliation claim, the court will also consider the facts alleged in Sullivan's EEOC charge in evaluating her complaint. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502-03 (6th Cir. 2001)(reversing a 12(b)(6) dismissal of a discrimination claim where the district court failed to consider the facts alleged in the plaintiff's

12

discrimination charge, which was attached to his complaint). The EEOC charge of retaliation is sufficient to give notice that Sullivan's Title VII claim is based on retaliation.

To state a claim of retaliation under Title VII, Sullivan must allege that: (1) she acted in a manner protected by Title VII; (2) MATA knew of this exercise of protected activity; (3) MATA subsequently took an adverse action against Sullivan; (4) the adverse action had a causal connection to the protected activity. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). There are two types of "protected activity" for purposes of a Title VII retaliation claim: (1) "oppos[ing] any practice made an unlawful employment practice" by Title VII, and (2) making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a).

Sullivan's complaint does not allege sufficient facts to satisfy the first and fourth prongs of a Title VII retaliation claim. As to the first prong, Sullivan has not alleged that she complained about an unlawful employment practice under Title VII. As an initial matter, Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. 42 U.S.C. § 2000e-2; *see also Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009). The harassment of which Sullivan allegedly complained is not an activity that

Title VII is designed to protect because there is no indication it was discriminatory in nature. Additionally, at the time of the complained-of-harassment, Sullivan was not an employee of MATA. "[C]ourts have limited Title VII's protections to employees only." *Lemmings v. FedEx Ground Package Sys., Inc.*, 492 F. Supp. 2d 880, 887 (W.D. Tenn. 2007)(citing *Birch v. Cuyahoga Cnty. Probate Court*, 392 F.3d 151, 157 (6th Cir. 2004)). Thus, any alleged harassment of Sullivan, as a nonemployee of MATA, did not constitute an employment practice made unlawful by Title VII. *Cf. Copeland v. Aerisyn, LLC*, No. 1:10-cv-78, 2011 WL 2181624, at *3 n.3 (E.D. Tenn. May 13, 2011)(stating that once the plaintiff was discharged, "he was no longer an employee of the defendant, and therefore, any subsequent racial harassment" against the plaintiff was not actionable under Title VII).

Pertaining to the second prong, although it is unclear whether Sullivan has suffered an adverse employment action[2], the court will assume that MATA in fact refused to hire Sullivan.

As to the fourth prong, "[t]o demonstrate a causal connection between a materially adverse action . . . and the exercise of protected rights, a plaintiff must proffer evidence sufficient to raise the inference that [the] protected activity

---

[2]   The complaint alleges only that Sullivan has not yet been contacted for an interview by MATA.

14

was the likely reason for the adverse action." *Lindsey v. Whirlpool Corp.*, 295 F. App'x 758, 769 (6th Cir. 2008)(citation and internal quotation marks omitted). Sullivan does not allege any facts to raise the inference that her action of complaining to MATA's hotline was the likely reason for being denied employment with MATA.

For these reasons, the court recommends that the retaliation claim against MATA be dismissed for failure to state a claim upon which relief can be granted.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed in its entirety for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(ii).

Respectfully submitted this 23rd day of July, 2013.

<u>s/Diane K. Vescovo</u>
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.